UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL BENJAMIN,

                    Petitioner,

v.

                                        Case No. 3:04-cv-1276-J-12HTS

JAMES CROSBY, etc.;
et al.,

                    Respondents.

_____

**ORDER**

**I. Status**

Petitioner Michael Benjamin, an inmate of the Florida penal system proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 on December 10, 2004.  On February 23, 2005, Petitioner filed an Amended Petition (Doc. #10) and Supplement (Doc. #11). Petitioner challenges a 2002 state court (Nassau County, Florida) judgment of conviction for sale, manufacture, deliver or possess with intent to sell, manufacture or deliver cocaine within 1,000 feet of a church on the following grounds: (1) the state officials' egregious conduct violated his due process rights by use of an

informant who was untrustworthy and unreliable; (2) ineffective assistance of counsel for failure to file a motion to discharge based upon a violation of the speedy trial rule; (3) ineffective assistance of counsel for failure to inform him of the overwhelming evidence that existed with respect to the state informant's untruthfulness; and, (4) the trial court erred when it summarily denied his Rule 3.850 motion for post conviction relief without an evidentiary hearing and without attaching any portions of the record to conclusively refute his claims.

Respondents filed a Response to Amended Petition for Habeas Corpus (Doc. #21) (hereinafter Response). In support of their Response, they submitted exhibits.[1] Petitioner was instructed on how to properly respond to a motion to dismiss and/or for summary judgment. See Court's Order to Show Cause and Notice to Petitioner (Doc. #3). Petitioner has responded. See Petitioner's Reply to Respondents' Response to Amended Petition for Habeas Corpus (Doc. #25); Petitioner's Points and Authorities in Support of Habeas Corpus Relief (Doc. #26); Petitioner's Declaration in Support of Habeas Corpus Relief (Doc. #27). This case is now ripe for review.

---

[1] Respondents' exhibits, in support of their Motion to Dismiss Amended Petition for Habeas Corpus as Untimely (Doc. #12), will be hereinafter referred to as "Ex." See Notice of Filing Paper Copy of Exhibits (Doc. #16). Additionally, Respondents' exhibits submitted in support of their Response (Doc. #21) will be hereinafter referred to as "Att."

## II. Procedural History

On November 15, 2002, Petitioner pled guilty to the sale, manufacture, deliver or possess with intent to sell, manufacture or deliver cocaine within 1,000 feet of a church. Ex. A at 1, 6; Att. 5, Plea of Guilty. He was adjudicated guilty and sentenced to five (5) years as a habitual felony offender. Ex. A at 6-15; see http://www.dc.state.fl.us/ActiveInmates (Florida Department of Corrections website).[2] The judgment was filed on December 2, 2002. Ex. A at 1. Petitioner did not appeal.

On or about March 28, 2003, Petitioner Benjamin filed a *pro se* motion for post conviction relief, raising the following claims: (1) ineffective assistance of counsel for failure to inform him of the overwhelming evidence showing that Mr. Crabtree (the informant) has a reputation for being untruthful and unreliable, and (2) ineffective assistance of counsel for failure to file a motion to discharge based upon a violation of the speedy trial rule. Ex. B at 1-9. On May 7, 2003, the trial judge denied his motion for post conviction relief, "finding that defendant's allegations are identical to those contained in defendant's Motion to Dismiss which was heard and denied by the Court on November 7, 2002, as well as disposed of by defendant's voluntary waiver of speedy trial on September 16, 2002." Id. at 10. Petitioner filed a motion for

---

[2] Petitioner's current estimated release date is February 13, 2007. See http://www.dc.state.fl.us/ActiveInmates.

rehearing (Ex. C at 21-30), which was denied on June 25, 2003. <u>Id</u>. at 31. Petitioner had thirty days to appeal, but no appeal was taken.

Petitioner filed a petition for belated appeal in the appellate court on September 11, 2003. Ex. D. On September 23, 2003, he filed an amended petition for a belated appeal, claiming that the trial court, in denying his Rule 3.850 motion for post conviction relief, failed to apprise him of his right to appeal. Ex. B at 12-17. On December 31, 2003, the petition seeking a belated appeal was granted, stating he is afforded a belated appeal from the order denying the Rule 3.850 motion, and the issuance of mandate shall be construed as a notice of appeal. <u>Id</u>. at 18; <u>Benjamin v. State</u>, 863 So.2d 405, 406 (Fla. 1st DCA 2003) (per curiam). The mandate was issued on January 26, 2004. Ex. B at 19.

On appeal, Petitioner filed a brief, stating the trial court erred in summarily denying the motion for post conviction relief without an evidentiary hearing and without attaching to its order those portions of the record which conclusively refute the claim. Ex. E-2. Further, Petitioner filed a motion to supplement the record with excerpts of the depositions of Detective Alfred Smith, Detective William Haney, Detective Jack Bradley and Detective Matt Bowen.[3] Ex. E-3. The appellate court denied the motion to

---

[3] Petitioner has attached these depositions to his Amended Petition Supplement (Doc. #11).

supplement the record.  Ex. E-4.  On April 27, 2004, the appellate court per curiam affirmed.  Ex. E-8; <u>Benjamin v. State</u>, 875 So.2d 1241 (Fla. 1st DCA 2004).  Petitioner's motion for a rehearing was denied on June 17, 2004.  Ex. E-9.  The mandate issued on July 6, 2004. Ex. E-10.

Petitioner's Petition is timely filed within the one-year period of limitations.  <u>See</u> Court's Order (Doc. #19) (concluding that Petitioner has timely filed his Petition in this Court).

### III. EVIDENTIARY HEARING

This Court has carefully reviewed the record and, for the reasons set forth more fully below, concludes Petitioner is not entitled to an evidentiary hearing.  A habeas corpus petitioner is entitled to an evidentiary hearing in federal court if he alleges facts which, if proven, would entitle him to habeas corpus relief. <u>Smith v. Singletary</u>, 170 F.3d 1051, 1053-54 (11th Cir. 1999) (citation omitted); <u>Cave v. Singletary</u>, 971 F.2d 1513, 1516 (11th Cir. 1992) (citing <u>Townsend v. Sain</u>, 372 U.S. 293 (1963)).  Here, the pertinent facts of the case are fully developed in the record before the Court.  <u>Smith</u>, 170 F.3d at 1054 (stating that a district court does not need to conduct an evidentiary hearing "if it can be conclusively determined from the record that the petitioner was not denied effective assistance of counsel").  No evidentiary proceedings are required in this Court.  <u>High v. Head</u>, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing <u>McCleskey v. Zant</u>, 499 U.S.

467, 494 (1991)), <u>cert</u>. <u>denied</u>, 532 U.S. 909 (2001).   The Court can "adequately assess [Petitioner's] claim[s] without further factual development."   <u>Turner v. Crosby</u>, 339 F.3d 1247, 1275 (11th Cir. 2003), <u>cert</u>. <u>denied</u>, 541 U.S. 1034 (2004).   Therefore, for the reasons set forth above, an evidentiary hearing will not be conducted by this Court.

### IV. Ineffective Assistance of Trial Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel.   That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense."   <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'"   <u>Rompilla v. Beard</u>, 125 S.Ct. 2456, 2462 (2005) (citations omitted).   If counsel's performance falls "below the line of reasonable practice, there is a further question about prejudice, that is, whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"   <u>Id</u>. at 2467 (citation omitted).

The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> [A] petitioner must show that his lawyer's
> performance fell below an "objective standard

of reasonableness" and that the lawyer's deficient performance prejudiced the petitioner. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Establishing these two elements is not easy: "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting <u>Rogers v. Zant</u>, 13 F.3d 384, 386 (11th Cir. 1994)).

For assessing a lawyer's performance, <u>Chandler v. United States</u>, 218 F.3d 1305 (11th Cir. 2000) (en banc) <u>cert</u>. <u>denied</u>, 531 U.S. 1204, 121 S.Ct. 1217, 149 L.Ed.2d 129 (2001), sets out the basic law: "Courts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." <u>Id</u>. at 1314 (internal marks omitted). . . . Our role in reviewing an ineffective assistance claim is not to "grade" a lawyer's performance; instead, we determine only whether a lawyer's performance was within "the wide range of professionally competent assistance." <u>See</u> <u>Strickland</u>, 104 S.Ct. at 2066.

The inquiry into whether a lawyer has provided effective assistance is an objective one: a petitioner must establish that no objectively competent lawyer would have taken the action that his lawyer did take." <u>See</u> <u>Chandler</u>, 218 F.3d at 1315. . . .

A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high. "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test." <u>Strickland</u>, 104 S.Ct. at 2067. Instead, a petitioner must establish that a reasonable probability exists that the outcome of the case would have been different if his

7

lawyer had given adequate assistance.  See id.
at 2068.[4]

Van Poyck v. Florida Dep't of Corr., 290 F.3d 1318, 1322-23 (11th
Cir. 2002) (per curiam) (footnotes omitted), cert. denied, 537 U.S.
812 (2002), 537 U.S. 1105 (2003).

In sum, "[w]ithout proof of both deficient performance and
prejudice to the defense, . . . it could not be said that the
sentence or conviction 'resulted from a breakdown in the adversary
process that rendered the result of the proceeding unreliable,' and
the sentence or conviction should stand."  Bell v. Cone, 535 U.S.
685, 695 (2002) (internal citation omitted) (quoting Strickland,
466 U.S. 668, 687 (1984)).  In reviewing an ineffectiveness claim,
this Court does not need to "approach the inquiry in the same order
or even to address both components of the inquiry if the defendant
makes an insufficient showing on one."  Saldo v. Crosby, 162 Fed.
Appx. 915, 916 (11th Cir. 2006) (citation omitted) (not selected
for publication).

In the context of the plea process, the Supreme Court of the
United States stated:

We hold, therefore, that the two-part
Strickland v. Washington test applies to

---

[4] However, "when a defendant raises the unusual claim that
trial counsel, while efficacious in raising an issue, nonetheless
failed to preserve it for appeal, the appropriate prejudice inquiry
asks whether there is a reasonable likelihood of a more favorable
outcome on appeal had the claim been preserved."  Davis v. Sec'y
for the Dep't of Corr., 341 F.3d 1310, 1316 (11th Cir. 2003) (per
curiam) (citation omitted).

challenges to guilty pleas based on
ineffective assistance of counsel.  In the
context of guilty pleas, the first half of the
Strickland v. Washington test is nothing more
than a restatement of the standard of attorney
competence already set forth in [prior cases].
The second, or "prejudice," requirement, on
the other hand, focuses on whether counsel's
constitutionally ineffective performance
affected the outcome of the plea process.  In
other words, in order to satisfy the
"prejudice" requirement, the defendant must
show that there is a reasonable probability
that, but for counsel's errors, he would not
have pleaded guilty and would have insisted on
going to trial.

In many guilty plea cases, the
"prejudice" inquiry will closely resemble the
inquiry engaged in by courts reviewing
ineffective-assistance challenges to
convictions obtained through a trial.  For
example, where the alleged error of counsel is
a failure to investigate or discover
potentially exculpatory evidence, the
determination whether the error "prejudiced"
the defendant by causing him to plead guilty
rather than go to trial will depend on the
likelihood that discovery of the evidence
would have led counsel to change his
recommendation as to the plea.  This
assessment, in turn, will depend in large part
on a prediction whether the evidence likely
would have changed the outcome of a trial.
Similarly, where the alleged error of counsel
is a failure to advise the defendant of a
potential affirmative defense to the crime
charged, the resolution of the "prejudice"
inquiry will depend largely on whether the
affirmative defense likely would have
succeeded at trial.  See, e.g., Evans v.
Meyer, 742 F.2d 371, 375 (CA7 1984) ("It is
inconceivable to us . . . that [the defendant]
would have gone to trial on a defense of
intoxication, or that if he had done so he
either would have been acquitted or, if
convicted, would nevertheless have been given

a shorter sentence than he actually
received").

Hill v. Lockhart, 474 U.S. 52, 59 (1985) (footnote omitted).

## V. Findings of Fact and Conclusions of Law

### A. Ground One

Petitioner claims that the state officials' egregious conduct
violated his due process rights by use of Christian Crabtree (the
informant) who was untrustworthy and unreliable.  Specifically, he
alleges:

> Petitioner contends that his constitutional
> due process rights were erroneously violated
> by law enforcement's use of an informant who
> was inherently untrustworthy, unreliable, who
> continued to violate the law before, during,
> and after working for the Fernandina Beach
> Police Department.  Furthe[r]more was fired
> from a neighboring jurisdiction for
> untrustworthy and unreliable behavior.  The
> deception practice by this informant did not
> only le[a]d to law enforcement's misplaced
> reliance on him, but led to representation
> relied on by the judge.

Amended Petition at 5.

Petitioner concedes that he did not raise this claim on direct
appeal since no appeal was taken and did not raise the claim in his
motion for post conviction relief.  See Petition at 5; Response at
7.  Petitioner states that he raised this claim in the trial court
in his motion to dismiss, filed September 5, 2002, which was heard
by the trial court and denied.  Petitioner's Supplement (Doc. #11)
at 3.  Thus, the parties claim, and this Court agrees, that ground

one was raised only at the trial level through a motion to dismiss. Response at 8.

As noted by Respondents (id. at 5-7), there are limitations as to what Petitioner can challenge in a habeas petition before this Court since he entered a plea to sale, manufacture, deliver or possess with intent to sell, manufacture or deliver cocaine within 1,000 feet of a church.  "When a defendant pleads guilty he or she, of course, forgoes not only a fair trial, but also other accompanying constitutional guarantees."  United States v. Ruiz, 536 U.S. 622, 628-29 (2002) (citing Boykin v. Alabama, 395 U.S. 238, 243 (1969)).  In Tollett v. Henderson, 411 U.S. 258, 267 (1973), the United States Supreme Court:

> reaffirm[ed] the principle recognized in the Brady trilogy[5]: a guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann [v. Richardson, 397 U.S. 759 (1970)].

The Eleventh Circuit Court of Appeals has noted that:

---

[5] The Brady trilogy of cases consists of: Brady v. United States, 397 U.S. 742 (1970); McMann v. Richardson, 397 U.S. 759 (1970); and, Parker v. North Carolina, 397 U.S. 790 (1970).

> The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); <u>see</u> <u>Tiemens v. United States</u>, 724 F.2d 928, 929 (11th Cir.) (per curiam) ("[A] guilty plea waives all nonjurisdictional defects occurring prior to the time of the plea, including violations of the defendant's rights to a speedy trial and due process."), <u>cert</u>. <u>denied</u>, 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984).

<u>Stano v. Dugger</u>, 921 F.2d 1125, 1150 (11th Cir.), <u>cert</u>. <u>denied</u>, 502 U.S. 835 (1991) (footnote omitted). Petitioner's claim concerning the State's alleged egregious conduct in using Mr. Crabtree as an informant is non-jurisdictional. Thus, the claim was waived when he pled to sale, manufacture, deliver or possess with intent to sell, manufacture or deliver cocaine within 1,000 feet of a church. <u>See</u> Response at 5-7.[6]

## B. Ground Two

Petitioner Benjamin claims that his trial counsel was ineffective for failure to file a motion to discharge based upon a violation of the speedy trial rule. Petitioner was taken into custody on February 9, 2002, and voluntarily waived speedy trial on September 16, 2002. Att. 2. The Waiver of Speedy Trial form, dated September 16, 2002, noted that it was "a limited waiver of

---

[6] Even assuming that this claim was not waived, the claim is procedurally barred for the reasons stated by the Respondents. <u>See</u> Response at 7-10. And, even assuming that procedural default is not applicable, the claim is without merit for the reasons stated with respect to ground three. <u>See</u> Section V.C., Ground Three.

speedy trial" for the period through November 22, 2002, and that "it is considered to be in the best interest of the Defendant." Id.[7]   On November 15, 2002, Petitioner entered a plea to sale, manufacture, deliver or possess with intent to sell, manufacture or deliver cocaine within 1,000 feet of a church.

Petitioner raised this claim in his Rule 3.850 motion (as ground two), and the trial judge concluded, in pertinent part:

> This matter came to be considered on defendant's Motion for Post Conviction Relief, and the Court finding that defendant's allegations are identical to those contained in defendant's Motion to Dismiss which was heard and denied by the Court on November 7, 2002, **as well as disposed of by defendant's voluntary waiver of speedy trial on September 16, 2002.**

Ex. B at 10 (emphasis added).

Respondents, here, contend that once a plea has been entered, non-jurisdictional challenges to the conviction's constitutionality are waived, and only an attack on the voluntary and knowing nature of the plea can be sustained.   See Response at 13.   This Court agrees.

_____

[7] Defense counsel was aware of the running of the speedy trial time period because, at the time he filed the September 5, 2002, Motion to Dismiss Based on Informant's Egregious Conduct and Government's Failure to Investigate or Supervise Informant, he acknowledged that 208 days had run; however, it was his intention to have the Information dismissed due to the egregious conduct of the informant.   Att. 3 at 4.   Thus, while concerned about the running of the speedy trial period, he was concentrating his efforts towards the taking of depositions to gather facts to lay the foundation for the motion to dismiss.

Since Petitioner pled to sale, manufacture, deliver or possess with intent to sell, manufacture or deliver cocaine within 1,000 feet of a church, there are limitations as to what he can challenge in a habeas petition before this Court.   See Section V.A., Discussion of Ground One.   As noted by Respondents, Petitioner's claim, here, is non-jurisdictional.   Thus, the claim was waived when he pled to sale, manufacture, deliver or possess with intent to sell, manufacture or deliver cocaine within 1,000 feet of a church.   See Response at 13.

### C. Ground Three

Petitioner claims that his trial counsel was ineffective for failure to inform him of the overwhelming evidence that existed with respect to the State informant's untruthfulness. Specifically, Petitioner alleges that counsel failed to inform him of the depositions of four Fernandina Beach detectives. Petitioner's Supplement at 10.   Petitioner raised this claim in his Rule 3.850 motion (as ground one), and the trial judge concluded, in pertinent part:

> **This matter came to be considered on defendant's Motion for Post Conviction Relief, and the Court finding that defendant's allegations are identical to those contained in defendant's Motion to Dismiss which was heard and denied by the Court on November 7, 2002,** as well as disposed of by defendant's voluntary waiver of speedy trial on September 16, 2002.

Ex. B at 10 (emphasis added).

On September 5, 2002, defense counsel filed a Motion to Dismiss Based on Informant's Egregious Conduct and Government's Failure to Investigate or Supervise Informant, stating, in pertinent part:

> In this case, Mr. Benjamin's constitutional due process rights were violated by law enforcement's use of an informant who was inherently untrustworthy and unreliable, who continued to violate the law before, during, and after working for the Fernandina Beach Police Department, and furthermore was fired from a neighboring jurisdiction's law enforcement officers [sic] for untrustworthy and unreliable behavior.
>
> The deception practiced by Mr. Crabtree which led to his working with the Fernandina Beach Police Department began when he failed to disclose to Detective Bowen his pending charges involving violence and theft. His initial deceptions have not only led to law enforcement's misplaced reliance on Mr. Crabtree, but have led to representations relied on by this Court that Mr. Crabtree could be controlled and should therefore be free in the community rather than in jail. Now, the State Attorney's Office is requesting this Court to rely on the assertions of this informant to attempt to obtain a conviction of Mr. Benjamin. The behavior of this informant is so egregious that due process principles absolutely bar the State from invoking the judicial process to obtain a conviction.
>
> The combination of this informant's egregious conduct and the government's failure to investigate or supervise this informant, constitutes a violation of due process requiring dismissal of this case. The principle of due process imposes upon the courts "the responsibility to conduct an exercise of judgment upon the whole course of the proceedings in order to ascertain whether

> they offend canons of decency and
> fairness...[.]" <u>Williams</u>, 623 So.2d at 465.
>
> The continued use of this informant
> despite his inexcusable and unconscionable
> behavior, offends the canons of decency and
> fairness. The State Attorny's Office's
> attempt to ask members of this community who
> have already been preyed upon by this
> informant's criminal behavior to rely on his
> testimony is equally unconscionable.
>
> [B]ased on the foregoing grounds, Defendant
> moves this Honorable Court to dismiss the
> Information filed in this cause.

Att. 3.

On November 7, 2002, a hearing on the motion to dismiss was
conducted, and Petitioner Benjamin was present. Att. 4A. Thus,
Petitioner heard defense counsel's argument and was directly
informed of the factual basis alleged for the motion to dismiss.
Defense counsel informed the trial judge that the facts upon which
he based the motion were derived from depositions that had been
taken during the pendency of the case.[8]  <u>Id</u>. at 4.

The prosecutor responded that she did not plan on calling the
informant for the trial of this case. <u>Id</u>. at 8.  She explained:

> First of all, the -- we are not planning
> on calling the CI in this case at this point.
> The State has charged the defendant with sale
> and delivery of cocaine, and the video clearly
> shows this defendant, not a random black male,
> it shows this defendant on several occasions,

_____

[8] The state court progress docket reflects that defense
counsel had taken the depositions of Matt Bowen, Alfred Smith, Jack
Bradley and William Haney in July of 2002.  Att. 1.

> very clearly, as the individual who entered
> the CI's vehicle.
>
>         . . . .
>
> Mr. Crabtree is certainly not the most
> upstanding citizen and, you know, I agree that
> his record is horrendous. We're not planning
> on calling him. Most of the behavior that
> offends Mr. Miller, and rightly so, occurred
> well after this incident and has absolutely
> nothing to do with it, and would not be
> relevant in trial, because it happened after
> this incident and it has no bearing on this
> case whatsoever.

Id. at 8, 10. The trial judge denied defense counsel's motion to

dismiss, stating "it does not rise to the level [of a due process

violation] . . . . " Id. at 13; Att. 4B (written order).

Since the case was set for the November trial calendar,

defense counsel asked if he could rely on the State's assertion

that Mr. Crabtree would not be called as a witness at the trial.

Att. 4A at 13. The State responded, "absolutely," and the trial

judge concluded: "I will not allow Mr. Crabtree to testify. I

will not allow the State to call Mr. Crabtree." Id.

Eight days later, on November 15, 2002, Petitioner entered a

written plea of guilty as a matter of convenience to count one

(sale, manufacture, deliver or possess with intent to sell,

manufacture or deliver cocaine within 1000 feet of a church) of the

Information. Att. 5; Ex. A at 3, 6. At the November 15, 2002,

plea hearing, the plea was specified as "guilty for convenience."

Att. 6, Transcript of the Plea Proceeding (hereinafter Tr.) at 4;

Ex. A at 6.  Defense counsel (Mr. Miller) stated that Petitioner Benjamin had authorized a plea of guilty for convenience as to count one with the understanding that the State would recommend that he be adjudicated guilty and sentenced to five years in the Florida Department of Corrections.  Tr. at 4.  Further, it was agreed that the State would nol pros count two (possession of cocaine).  Id. at 4, 10.

The trial judge (Robert M. Foster) then questioned Petitioner Benjamin.  Petitioner affirmed that he had read the Plea of Guilty and Negotiated Sentence form and had signed it.  Id. at 5.  He confirmed that he had sufficient time to discuss the matter with his lawyer, Mr. Miller, and that Mr. Miller had explained it to him, including the possible defenses as well as the implications of the plea.  Id.  Petitioner agreed that he was fully satisfied with Mr. Miller's representation.  Id. at 5-6.  Petitioner affirmed that he understood that he was giving up certain rights by entering the plea, including the right to a trial, the right to call witnesses, the right to examine and cross-examine witnesses as well as the right to remain silent.  Id. at 6.  Further, Petitioner confirmed that he understood that he was giving up the right to appeal all matters relating to this judgment, including the issue of guilt or innocence.  Id.  Petitioner affirmed that, other than the representations that his lawyer had just made to him and those contained within the plea form, no one had promised him anything

else in order to persuade him to plead guilty (as a matter of convenience), and no one had threatened him or coerced him. Id. He agreed that he was entering the plea because he believed it was in his best interest to do so. Id. Petitioner concluded that he was entering the plea freely, willingly and voluntarily for a sentence of five years as a habitual offender. Id. at 7. Finally, he noted that he was not currently under the influence of drugs, alcohol or medication. Id. at 9.

The trial judge stated:

> The Court, having earlier reviewed the arrest and booking report, finds that there is a sufficient factual basis to support the plea. Actually it's an affidavit for arrest warrant that affords a sufficient factual basis.

Id. Defense counsel also stipulated to a factual basis for the plea. Id. The trial judge concluded the plea proceeding, stating:

> The Court finds that the plea has been entered into freely, willingly and voluntarily with a sufficient factual basis to support it.
>
> The Court, having found that no pardon or post conviction relief for the two felony convictions relied upon by the State, has been presented to the Court. The Court also finds the imposition of an habitual offender sentence is necessary for the protection of the public and accordingly, as to Count One of the information, the Court will adjudicate Mr. Benjamin guilty and sentence him to five years in the Florida State Prison system as an habitual offender with credit for no time served.

Id. at 9-10.

19

In evaluating the performance prong of the <u>Strickland</u> ineffectiveness inquiry, there is a strong presumption in favor of competence.   Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. <u>United States v. Freixas</u>, 332 F.3d 1314, 1319-20 (11th Cir. 2003) (citations omitted).  Given defense counsel's actions based on the record before this Court, defense counsel's performance was not deficient.   Defense counsel, at the hearing on the motion to dismiss, presented the facts to the trial judge, and Petitioner (who was present at the hearing) heard the argument and the factual basis of the motion.  Petitioner was apprised of the evidence that existed with respect to the State informant's untruthfulness. Further, Petitioner heard defense counsel refer to the depositions that had been taken during the pendency of the case.  Att. 4A at 4.

Even assuming *arguendo* deficient performance by defense counsel, Petitioner has not shown prejudice.  Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. Petitioner, at the hearing on the motion to dismiss, heard the prosecutor agree that she would not call Mr. Crabtree to testify at the trial.  Further, the trial judge concluded he would not allow the State to call Mr. Crabtree.  Petitioner heard the prosecutor's assertion that she would rely upon the videotape rather than Mr.

20

Crabtree's testimony.[9]  At previously set forth, Petitioner freely and voluntarily entered a plea of guilty as a matter of convenience because he believed it was in his best interest.  He was sentenced to five years of imprisonment as a habitual felony offender for the sale, manufacture, deliver or possess with intent to sell, manufacture or deliver cocaine within 1,000 feet of a church, a first degree felony in violation of Fla. Stat. § 893.13(1)(e)1. See Ex. A at 1-15.  This ineffectiveness claim is without merit. See Response at 16-17.

### D. Ground Four

Petitioner claims that the trial court erred when it summarily denied his Rule 3.850 motion for post conviction relief without an evidentiary hearing and without attaching any portions of the record to conclusively refute his claims.  Petitioner raised this claim on appeal, and the appellate court per curiam affirmed the summary denial of post conviction relief without a written opinion. Ex. E-2; Ex. E-8.

This ground does not present an issue that is cognizable on federal habeas review.  The Eleventh Circuit has noted:

> In Spradley v. Dugger, we held that where a
> petitioner's claim goes to issues unrelated to

---

[9] The record reflects that the December 31, 2001, drug transaction was audio and videotaped.  Att. 4A at 8; Petitioner's Supplement (Doc. #11), attached depositions.  As noted by the prosecutor, she planned to rely upon the videotape at trial, which she claimed "clearly shows this defendant . . . ."  Att. 4A at 8.

the cause of petitioner's detention, that
claim does not state a basis for habeas
relief. 825 F.2d 1566, 1568 (11th Cir. 1987)
(involving claims as to errors at a hearing on
the petitioner's 3.850 motion); see also
Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.
1995) ("An attack on a state habeas proceeding
does not entitle the petitioner to habeas
relief in respect to his conviction, as it is
an attack on a proceeding collateral to the
detention and not the detention itself.")
(internal quotes omitted); Franzen v.
Brinkman, 877 F.2d 26, 26 (9th Cir. 1989)
(agreeing with the majority view and holding
that "a petition alleging errors in the state
post-conviction review process is not
addressable through habeas corpus
proceedings"). Therefore, while habeas relief
is available to address defects in a criminal
defendant's conviction and sentence, an
alleged defect in a collateral proceeding does
not state a basis for habeas relief. See
Spradley, 825 F.2d at 1568.

Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir.), cert. denied,

543 U.S. 960 (2004).

Petitioner's ground four pertains to alleged errors in his

post-conviction proceedings. These alleged defects do not state a

basis for federal habeas relief. Accordingly, Petitioner Benjamin

is not entitled to relief on the basis of this claim. See Response

at 18-19.

## VI. Conclusion

Any other claims not specifically addressed are found to be

without merit. Accordingly, for all of the above-stated reasons,

the Amended Petition will be denied and this case will be dismissed

with prejudice.

22

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.   The Amended Petition (Doc. #10) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

2.   The Clerk of the Court shall enter judgment denying the Amended Petition and dismissing this case with prejudice.

3.   The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this   10th   day of May, 2006.


_Howell W. Melton_
HOWELL W. MELTON
United States District Judge


sc 4/28
c:
Michael Benjamin
Assistant Attorney General (McCoy)